IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SunTrust Bank,<br><br>        Plaintiff,<br><br>    v.<br><br>Allen W. Warren; Yankee Dawdle, LLC,<br><br>        Defendants.<br>_____ | 2:12-cv-02080-GEB-CKD<br><br>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE |

        The August 9, 2012, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on November 26, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The August 9th Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than November 26, 2012, why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or its counsel is at fault, and whether a hearing is requested on the OSC.[1] If

---

[1] "If the fault lies with the attorney, that is where the impact
(continued...)

1

1 a hearing is requested, it will be held on January 14, 2013, at 9:00
2 a.m., just prior to the status conference, which is rescheduled to that
3 date and time. A joint status report shall be filed no later than
4 fourteen (14) days prior to the status conference.
5      IT IS SO ORDERED.
6 Dated:  November 14, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1](...continued)
of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).