IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUNTRUST BANK,                          )
                                        )     2:12-cv-02080-GEB-CKD
                Plaintiff,              )
                                        )     ORDER SETTING ASIDE ENTRY OF
        v.                             )     DEFAULT
                                        )
ALLEN W. WARREN; YANKEE DAWDLE,         )
LLC,                                    )
                                        )
                Defendants.             )
_____        )

Defendants move under Federal Rule of Civil Procedure ("Rule") 55(c) to set aside the Clerk of Court's entry of default against each of them. Plaintiff opposes the motion.

**I. LEGAL STANDARD**

Rule 55(c) prescribes: "The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). "To determine 'good cause', a court must 'consider[] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; [and] (3) whether reopening the default judgment would prejudice' the other party." United States v. Signed Personal Check No. 730 of Yubran S. Mesle (Mesle), 615 F.3d 1085, 1090 (9th Cir. 2010) (quoting Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 925-26 (9th Cir. 2004)) (first four alterations in original). "[D]efault judgments are generally disfavored, and '"whenever it is reasonably possible, cases should be decided upon their merits."'" In re Hammer,

1

940 F.2d 524, 525 (9th Cir. 1991) (quoting <u>Gregorian v. Izvestia</u>, 871 F.2d 1516, 1523 (9th Cir. 1989) (quoting <u>Pena v. Seguros La Comercial, S.A.</u>, 770 F.2d 811, 814 (9th Cir. 1985))). "'Where timely relief is sought from a[n entry of] default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits.'" <u>Mendoza v. Wight Vineyard Mgmt.</u>, 783 F.2d 941, 945–46 (9th Cir. 1986) (quoting <u>Schwab v. Bullock's Inc.</u>, 508 F.2d 353, 355 (9th Cir. 1974)) (omission and second alteration in original).

## II. DISCUSSION

Plaintiff argues the motion should be denied because "Plaintiff's Counsel explicitly told the Defendant, by telephone and by follow-up email, that Plaintiff would seek a default if substantive settlement discussions did not occur by December 14, 2012," and that "Defendants do not have a meritorious defense." (Pl.'s Opp'n 1:20-23, ECF No. 23.)

Defendants argue although they "did not file a response with the Court in time, [their] conduct was excusable because they believed good faith settlement negotiations were ongoing which would avoid litigation costs." (Defs.' Mot. to Set Aside Default ("Defs.' Mot.") 4:4:–6, ECF No. 22-1.) Defendants contend that they "had no intent to gain an advantage over [Plaintiff] or to delay legal proceedings[, and that their] delay in response was due to excusable neglect." (<u>Id.</u> 4:7–8.)

Defendants support their motion with a declaration from Defendant Allen Warren ("Warren") in which he avers:

> Defendants did not file a response to the lawsuit with the Court on time for the following reasons: I believed in good faith that the parties were

1   continuing to negotiate a settlement of all claims
    to avoid litigation. I was in the process of
2   gathering requested information and documents to
    provide to the plaintiff when the [entry of]
3   default was entered.

4  (Decl. of Allen Warren ("Warren Decl.") ¶ 5, ECF No. 22-3.)

5       When deciding whether Defendants' failure to timely respond to

6  the complaint can "be treated as culpable simply for having made a

7  conscious choice not to [respond]," it must be determined whether this

8  failure is the product of Defendants "act[ing] with bad faith, such as

9  an 'intention to take advantage of the opposing party, interfere with

10 judicial decisionmaking, or otherwise manipulate the legal process.'"

11 Mesle, 615 F.3d at 1093 (quoting TCI Grp. Life Ins. Plan v. Knoebber,

12 244 F.3d 691, 696 (9th Cir. 2001), overruled on other grounds by

13 Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 147–50 (2001)).

14 Warren's averments that he "believed in good faith that the parties were

15 continuing to negotiate a settlement of all claims to avoid litigation"

16 and that he "was in the process of gathering requested information and

17 documents to provide to the plaintiff when the [entry of] default was

18 entered," (Warren Decl. ¶ 5), evince that Defendants did not intend to

19 manipulate the legal process through their actions or inaction.

20      Further, Defendants argue they also prevail on the

21 "meritorious defense" factor since "[t]he attorney's fees requested by

22 the Affidavit of default are not consistent with the Agreement," the

23 breach of which is at issue in the instant case. (Defs.' Mot. 4:23–27

24 (citing Warren Decl. ¶ 6).) Defendants also argue that "Plaintiff['s

25 request to] recover[] . . . $160,080 in attorney's fees . . . is . . .

26 unreasonable . . . based on a[n entry of] default . . . [since]

27 Plaintiff's counsel has billed very few hours on this matter." (Defs.'

28 Reply 4:9–11.) Plaintiff counters that "Defendants have not . . . set

3

forth any alleged facts to support such a [defense]." (Pl.'s Opp'n 5:3-4.)

To prevail on the "meritorious defense" factor, "a [plaintiff] need only demonstrate law or facts showing that a sufficient defense is assertable." J & J Sports Prod., Inc. v. Benitez, No. 1:11cv01875 AWI DLB, 2012 WL 6088300, at *4 (E.D. Cal. Dec. 6, 2012) (citing TCI Grp. Life Ins. Plan, 244 F.3d at 700). A defense is "meritorious" if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986) (citing C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2694 (Supp. 1986)). Further, a meritorious defense may be as to liability or as to damages. G & G Closed Circuit Events, LLC v. Looney, No. C 12-3094 SBA, 2013 WL 1739576, at *2 (N.D. Cal. Apr. 22, 2013) (citing Haw. Carpenters' Trust Funds, 794 F.2d at 513).

The parties agree that Virginia law applies to this lawsuit and argue under that law. Defendants argue that they have a meritorious defense as to the amount of attorney's fees since "[t]he fees awarded in any piece of litigation, according to . . . Virginia [law], must be reasonable." (Defs.' Reply 3:16-17.) Under Virginia law, a "party who seeks to recover attorneys' fees pursuant to a contractual provision . . . has the burden to present a prima facie case that the requested fees are reasonable and necessary." Dewberry & Davis, Inc. v. C3NS, Inc., 732 S.E. 2d 239, 243 (Va. 2012) (citing Chawla v. BurgerBusters, Inc., 499 S.E. 2d 829, 833 (Va. 1998); Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven Ltd. P'ship (Seyfarth), 480 S.E. 2d 471, 473 (Va. 1997)). The court states in Chawla:

4

> In determining whether a party has established a *prima facie* case of reasonableness, a fact finder may consider, *inter alia*, the time and effort expended by the attorney, the nature of the services rendered, the complexity of the services, the value of the services to the client, the results obtained, whether the fees incurred were consistent with those generally charged for similar services, and whether the services were necessary and appropriate.

Chawla, 499 S.E. 2d at 833 (citing Seyfarth, 489 S.E. 2d at 473).

The attorney's fee provision at issue states, "[Defendants] must pay all collection costs including but not limited to [Plaintiff's] reasonable attorney's fees of 25% of the amount due (or if this is not permitted under applicable law, the highest amount permitted) at the time the account is referred to an attorney for collection." (Complaint, Ex. 1, at 2; ECF No. 2.) Plaintiff has not yet established what constitutes reasonable attorney's fees; however Defendants have "demonstrate[d] law or facts showing . . . a sufficient defense" to the amount of attorney's fees Plaintiff seeks. J & J Sports Prod., Inc., 2012 WL 6088300, at *4; see also Sokolsky v. Voss, No. 1:07 CV-00594 SMM, 2009 WL 2705741, at *3 (E.D. Cal. Aug. 25, 2009) (finding a defendant's defense meritorious prior to discovery, given that once the defendant "complete[d] discovery, it is possible that he will be able to present evidence that reduces his amount of liability").

Lastly, Defendants argue that "[a]llowing the case to move forward on the merits . . . should not prejudice Plaintiff's ability to litigate its case[, and so] the third and final good cause factor is satisfied." (Defs.' Mot. 5:9-13.) Defendants also contend that "[they] are ready and willing to litigate this lawsuit." (Id. 5:15.) To determine whether a plaintiff would suffer prejudice if an entry of default were set aside, "[t]he standard is whether [the plaintiff's] ability to pursue his claim will be hindered." Falk v. Allen, 739 F.2d

461, 463 (9th Cir. 1984) (citing <u>Gross v. Stereo Component Sys.</u>, 700 F.2d 120, 123 (3d Cir. 1983)). "Absent a showing of some evidentiary or financial loss, . . . [a plaintiff] is unlikely to prove prejudice." <u>Am. Ass'n of Naturopathic Physicians v. Hayhurst</u>, 227 F.3d 1104, 1109 n.2 (9th Cir. 2000). Plaintiff has not shown that it will suffer prejudice if the entries of default are set aside.

### III. CONCLUSION

For the stated reasons, Defendants' motion to set aside the Clerk of Court's entries of default, (ECF Nos. 15, 16), is GRANTED.

Dated:  July 19, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge