UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SUNTRUST BANK,

        Plaintiff,

   v.

ALLEN W. WARREN; YANKEE DAWDLE, LLC,

        Defendants.

No.  2:12-cv-02080-GEB-CKD

**FINAL PRETRIAL ORDER**

      The final pretrial conference scheduled for July 21, 2014, is vacated since the parties' Joint Pretrial Statement ("JPS") filed June 18, 2014, indicates this Final Pretrial Order should issue.

### I. JURY/NON-JURY

      All issues shall be tried to a jury.

### II. CLAIMS & AFFIRMATIVE DEFENSES

      The following claim is preserved for trial:

          1)   Breach of Contract

      Since no affirmative defense is identified in the JPS, no affirmative defense is preserved for trial. See Status Order 2:27-3:9, ECF No. 35 ("The joint pretrial statement . . . shall set forth each theory of liability ('claim') and affirmative defense which remains to be tried, and the ultimate facts on which each theory/defense is based. . . . The Court uses the

1

1  parties' joint pretrial statement to prepare its final pretrial

2  order and could issue the final pretrial order without holding

3  the scheduled final pretrial conference.").

### III. UNDISPUTED FACTS

5         The undisputed facts are stated in section 3 of the

6  JPS, as follows:

> A. On February 23, 2007, Defendants
> executed an Installment Note, Disclosure
> Statement and Security Agreement (the "note")
> for the benefit of SunTrust Bank in the
> original principal amount of $1,561,215.00.
>
> B. The Note was secured by a First
> Preferred Ship Mortgage (the "Mortgage")
> dated February 23, 2007 against a vessel
> known as the "Soul Mates" with Hull
> Identification Number OAX64121A707 (the
> "Vessel").
>
> C. Defendants did not make all of the
> regular monthly payments as they became due.
>
> D. Defendants' last payment was made on
> January 13, 2011.
>
> E. SunTrust repossessed the Vessel.
>
> F. SunTrust sent notice of its intent to
> sell the Vessel to the Defendants on June 8,
> 2011 and June 10, 2011.
>
> G. On October 21, 2011, SunTrust Bank
> sold the Vessel for $915,000.00.

21  (JPS 1:23-2:6.)

### IV. DISPUTED FACTUAL ISSUES

23         The parties state the disputed factual issues in

24  section 4 of the JPS, as follows: "The amount due is $640,322.32

25  plus pre-judgment interest at the rate of 6.87% from November 1,

26  2011 through the entry of judgment, attorney's fees of

27  $160,080.58." (Id. at 2:8-9.)

28

1

## V. DISPUTED EVIDENTIARY ISSUES

2          The parties shall meet and confer for the purpose of
3   resolving evidentiary disputes. Any unresolved evidentiary
4   dispute capable of being resolved in limine shall be set forth in
5   an in limine motion filed no later than twenty-five (25) court
6   days before the trial commencement date; an opposition or
7   statement of non-opposition to any filed in limine motion shall
8   be filed no later than fifteen (15) court days before the trial
9   commencement date; any reply shall be filed no later than ten
10  (10) court days before the trial commencement date. The failure
11  to state a basis for the admissibility or non-admissibility of
12  disputed evidence constitutes a waiver or abandonment of that
13  basis.

14

## VI. TRIAL BRIEFS

15          Notwithstanding Local Rule 285, trial briefs shall be
16  filed no later than twenty (20) court days prior to the trial
17  commencement date. The trial brief(s) must include "a summary of
18  points of law, including reasonably anticipated disputes
19  concerning admissibility of evidence, legal arguments, and
20  citations of authority in support thereof." E.D. Cal. R. 285.

21

## VII. WITNESSES[1]

22          A.   Plaintiff anticipates calling the witnesses listed
23  in section 9(A) of the JPS.

24          B.   Defendants anticipate calling the witnesses listed
25  in section 9(B) of the JPS.

26          C.   Each party may call a witness designated by the

27  ────────────────
[1]   This portion of the Order does not affect the parties' obligations to
28  timely comply with witness disclosure requirements provided in the Federal
    Rules of Civil Procedure, the Local Rules, or by Order of this Court.

1    opposing party.

2          D.   No person, other than those named on these witness

3    lists, will be permitted to testify unless:

4                (1)  The party offering the witness demonstrates

5    that the witness is for the purpose of rebutting evidence which

6    could not reasonably be anticipated at the pretrial conference;

7    or

8                (2)  The witness was discovered after the pretrial

9    conference and the proffering party makes the showing required in

10   "E," below.

11         E.   If a witness is discovered after the pretrial

12   conference, counsel for the party offering the witness shall

13   promptly inform the Court and the opposing party of the existence

14   of the unlisted witness so that the Court may consider at trial

15   whether the witness shall be permitted to testify. The witness

16   will not be permitted to testify unless:

17                (1)  The witness could not reasonably have been

18   discovered prior to the pretrial conference;

19                (2)  The Court and opposing counsel were promptly

20   notified upon discovery of the witness;

21                (3)  If time permitted, counsel offered the

22   witness for deposition; and

23                (4)  If time did not permit, a reasonable summary

24   of the witness' testimony was provided to opposing counsel.

25   ///

26   ///

27   ///

28   ///

1          **VIII. EXHIBITS**[2]

2          A.    Plaintiff anticipates offering the exhibits listed

3    in section 10(A) of the JPS.

4          B.    Defendants anticipate offering the exhibits listed

5    in section 10(B) of the JPS.

6          C.    No other exhibits will be permitted to be

7    introduced unless:

8               (1)    The party seeking to use the unlisted exhibit

9    demonstrates that the exhibit is being used to rebut evidence

10    which could not reasonably have been anticipated at the pretrial

11    conference; or

12               (2)    The unlisted exhibit was discovered after the

13    pretrial conference and the offering party makes the showing

14    required in paragraph "D," below.

15          D.    Any party proposing to introduce an exhibit which

16    was discovered after the pretrial conference shall promptly

17    notify the Court and opposing counsel of the existence of such

18    exhibit. The Court will not permit any such exhibit to be

19    introduced unless it finds:

20               (1)    That the exhibit could not reasonably have

21    been discovered prior to the pretrial conference;

22               (2)    The Court and counsel were promptly informed

23    of the exhibit's existence; and

24               (3)    That the offering party has delivered a copy

25    of the exhibit to opposing counsel, or, if the exhibit may not be

26    copied, that the offering counsel has made the exhibit reasonably

27    ───────────────

28    [2]    This portion of the Order does not affect the parties' obligations to timely comply with disclosure requirements provided in the Federal Rules of Civil Procedure, the Local Rules, or by Order of this Court.

1  available for inspection by opposing counsel.

2          E.   Plaintiff's exhibits shall be numbered and marked

3  with colored stickers provided by the Court, while Defendants'

4  exhibits shall be designated by alphabetical letter also marked

5  with colored stickers provided by the Court. To obtain stickers,

6  parties should contact the Clerk of Court at (916) 930-4000.

7          F.   The parties shall exchange with each other, at

8  least twenty (20) court days prior to the trial commencement

9  date, copies of all of their respective exhibits, marked with

10  exhibit stickers provided by the Court. Within five (5) court

11  days after receipt and examination of the exhibits, each party

12  shall file with the Court and serve upon opposing counsel

13  objections, if any, to the exhibits, referencing the exhibits as

14  marked by exhibit sticker and specifying the basis for each

15  objection.[3] Failure to exchange exhibits as ordered could result

16  in the exhibit not being used at trial and/or the imposition of

17  sanctions. The failure to make objections in the manner

18  prescribed by this section shall constitute a waiver of

19  objections. A party seeking to admit into evidence an exhibit to

20  which no objection was made must identify said exhibit for the

21  record and then move it into evidence.

22          G.   Counsel shall produce all exhibits to the

23  Courtroom Deputy at the commencement of trial. At that time, the

24  parties shall also furnish the Court with a copy of each exhibit,

25  unless the exhibit is physically incapable of being or

26  impracticable to be reproduced. Failure to produce exhibits as

27  _____

28  [3]    The parties have leave to file joint exhibits. The above procedure is
designed for separate exhibits.

1  ordered could result in waiver of the right to offer those
2  exhibits. Each party submitting exhibits shall furnish a list to
3  the Court, the Courtroom Deputy, and opposing counsel itemizing
4  the exhibits.

5  **IX. FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS**

6  A. Counsel are required to produce to the Courtroom
7  Deputy at the commencement of trial, the original transcript of
8  any deposition which is to be used at trial for any purpose. The
9  original deposition transcript(s) will be returned to counsel at
10 the conclusion of trial. Counsel are cautioned that a failure to
11 discharge this duty may result in preclusion of the use of the
12 deposition(s) or in the imposition of such other sanctions as the
13 Court deems appropriate.

14 B. No later than twenty (20) court days before the
15 trial commencement date, counsel for each party shall serve on
16 the other parties a statement designating all answers to
17 interrogatories and all portions of depositions (except for
18 passages to be used solely for refreshing recollection,
19 impeachment, or rebuttal). No later than fifteen (15) court days
20 before the trial commencement date, counter-designations of other
21 portions of these discovery documents may be served. No later
22 than ten (10) court days before the trial commencement date, the
23 parties shall file and serve any preserved evidentiary objections
24 to any designated discovery, or said objections are waived.

25 **X. FURTHER DISCOVERY OR MOTIONS**

26 Pursuant to the Court's September 22, 2013 Pretrial
27 Scheduling Order, (ECF No. 35), all discovery and law and motion
28 was to have been completed prior to the date of the final

1    pretrial conference. That order is confirmed. The parties are, of
2    course, free to conduct any additional discovery they desire
3    pursuant to informal agreement. However, any such agreement will
4    not be enforceable in this Court.

5                         **XI. AGREED STATEMENT**

6            The parties shall submit a short, jointly-prepared
7    statement concerning the nature of this case that can be read to
8    the jury during voir dire. The statement shall be filed no later
9    than fifteen (15) court days before the trial commencement date.
10   If the parties fail to do this, they may be required to give
11   their respective opening statements before voir dire. Separate
12   statements shall be submitted if agreement is not reached.

13      **XII. JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS**

14           A.   Jury instructions, proposed voir dire, and a
15   verdict form shall be submitted fifteen (15) court days before
16   trial. The parties shall prepare the instructions and verdict
17   forms in accordance with Local Rule 163, and shall tailor all
18   general instructions to the facts and law at issue.

19           B.   The parties shall confer and attempt to agree upon
20   a joint set of jury instructions and verdict form. As to
21   instructions on which there is dispute, the parties shall adhere
22   to the following procedure: the party offering the disputed
23   instruction(s) shall submit the instruction(s) as its proposed
24   jury instruction(s), shall submit authority in support of the
25   proposed instruction(s), and shall number the disputed
26   instruction(s) in a manner that shows where each disputed
27   instruction should be placed in the tendered agreed upon
28   instructions.

1    C.    At the time of electronic filing of the jury

2    instructions and verdict forms, the parties shall also submit a

3    copy of the sanitized joint jury instructions, the sanitized

4    disputed jury instructions, and the joint verdict forms to the

5    Court by electronic mail to geborders@caed.uscourts.gov in

6    accordance with Local Rule 163.

7    D.    Most of the examination of prospective jurors will

8    be conducted by the Court. The parties shall meet and confer and

9    attempt to agree upon a joint set of proposed voir dire

10   questions. Each side is granted ten (10) minutes to conduct voir

11   dire following the Court's examination of prospective jurors.

12                  **XIII. USE OF STRUCK JURY SELECTION SYSTEM**

13   Eight (8) jurors will be impaneled. The "struck jury"

14   system will be used to select the jury. At the beginning of the

15   voir dire process, approximately eighteen prospective jurors,

16   randomly selected by the Jury Administrator, will be seated for

17   voir dire. The order of the jurors' random selection is reflected

18   by the order in which they will be seated. The first randomly

19   selected juror will be in jury seat number one, which is at the

20   extreme right-hand side of the jury box in the top row as the

21   jury box is viewed from the well of the courtroom. The eighth

22   juror will be in the eighth seat. The ninth selected juror will

23   occupy the seat located at the extreme right-hand side of the

24   jury box in the bottom row. The fifteenth seat will be in the

25   left-hand side of that row. Three chairs will be placed in front

26   of the jury box. The sixteenth juror will occupy the seat on the

27   right and the eighteenth juror will occupy the seat on the left.

28   The first eight jurors on a list, which shall be given to

counsel, will constitute the petit jury unless one or more of those eight is excused for some reason. Assuming that the first and fifth jurors on the list are excused, the second listed juror becomes the first, and the other jurors' numbers are changed accordingly, with the ninth juror on the list becoming seventh on the list; however, the jurors continue to be identified by their original numbers.

Following the voir dire questioning, each side will take turns exercising its three allotted peremptory strikes. If a side elects to pass rather than exercise a particular peremptory challenge, that challenge is waived.

## XIV. ATTORNEY'S FEES

The parties are referred to Local Rule 293 concerning the post-trial procedure for seeking an award of attorney's fees.

## XV. SETTLEMENT NEGOTIATIONS

Since the parties indicate in the JPS that a "settlement conference . . . would not be helpful[,]" no conference is scheduled. (JPS 4:2-3.)

## XVI. TRIAL DATE

Trial will commence at 9:00 a.m. on October 21, 2014. Trial is held Tuesday, Wednesday, and Thursday of each week from 9:00 a.m. until approximately 4:30 p.m. However, once the jury begins deliberating, counsel shall be available for communication with the jury during the above mentioned times, Monday through Friday.

Each side has fifteen (15) minutes within which to make an opening statement to the jury and sixty (60) minutes within which to make a closing argument.

1          Counsel are to call Shani Furstenau, Courtroom Deputy,

2     at (916) 930-4114, one week prior to trial to ascertain the

3     status of the trial date.

4     Dated:  June 19, 2014

5

6                                    _____

7                                    GARLAND E. BURRELL, JR.
                                     Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    11